UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER M. LOZITO,

                *Plaintiff*,

                                                                     **ORDER**
       -against-                                                   21-cv-05969 (JMW)

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                *Defendant*.
-------------------------------------------------------------X

**WICKS**, Magistrate Judge:

      Plaintiff Christopher M. Lozito ("Plaintiff" or "Lozito") previously sought review and reversal of the final decision by the Commissioner of Social Security ("Commissioner" or "Defendant"), reached after a hearing before an administrative law judge ("ALJ"), the result of which denied his application for a period of disability and disability insurance benefits ("DIB") benefits under Title II of the Social Security Act (the "Act") (hereafter, the "ALJ's Decision"). In response, Defendant moved to remand this case for further administrative proceedings because, Defendant contended, the ALJ "failed to make the necessary factual findings in determining that Plaintiff was not disabled." (ECF No. 18-3.) The undersigned entered a Memorandum and Order on February 12, 2025, reversing and remanding the ALJ's Decision for further administrative proceedings pursuant to 42 U.S.C. § 405(g), and directing the decision by the ALJ to be entered within sixty (60) days of the entry of the Order, and, if that decision is a denial of benefits, that a final decision of the Commissioner be rendered within sixty (60) days of Plaintiff's appeal from the ALJ's decision. *See Lozito v. Comm'r of Soc. Sec. Admin.*, No. 21-CV-05969 (JMW), 2025 WL 473978, at *1 (E.D.N.Y. Feb. 12, 2025).

Now before the Court is Defendant's Motion to Alter the Judgment entered on February 12, 2025, requesting that the Order be amended to allow for one hundred twenty (120) days for the ALJ to issue a new decision, and, if that decision is a denial of benefits, one hundred twenty 120 days from the date any request for review is submitted for the Commissioner to render a final decision (ECF No. 21), which is opposed by Plaintiff. (*See* ECF No. 22.) For the reasons stated herein, Defendant's Motion to Alter Judgment (ECF No. 21) is **GRANTED** *in part* and **DENIED** *in part*.

## DISCUSSION

Rule 59(e) of the Federal Rules of Civil Procedure permits a court, on motion, to alter or amend a judgment. The decision to grant or deny a motion to amend a judgment is within the discretion of the Court. *See McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). The standards for a motion under Rule 59(e) are similar to those for a motion for reconsideration. *See Brown v. J.F.H. Mak Trucking*, No. 95-2118, 1999 WL 1057274, at *1 (E.D.N.Y. Nov. 8, 1999). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.</i>*, 70 F.3d 255, 257 (2d Cir. 1995); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted) ("A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Here, taking into consideration the Second Circuit precedent presented by the Commissioner, as well as how the previously imposed time limits for further administrative proceedings may impose a burden on the Agency (*see generally*, ECF No. 21), the Court alters

2

the previous judgment entered on February 12, 2025 as follows: the proceedings before an ALJ must be completed within one hundred twenty (120) days of the issuance of this Order. However, "the appellate time limit remains unmodified; if the ALJ's decision is a denial of benefits, a final decision of the Commissioner must be rendered within sixty (60) days of Plaintiff's appeal from the ALJ's decision." *Butts v. Barnhart*, 416 F.3d 101, 106 (2d Cir. 2005) ("*Butts*"); *see also Cudak v. Comm'r of Soc. Sec.*, No. 21-CV-1250 (JS), 2025 WL 341930, at *2 (E.D.N.Y. Jan. 30, 2025) ("This case is remanded to the ALJ for all further proceedings. Such proceedings shall be conducted within 120 days of this Order. If, upon remand, the ALJ denies Plaintiff's claim, the Commissioner shall issue a final decision within 60 days of any appeal of that denial.").

The Court further notes that the primary purpose of the remand is for the ALJ "to make necessary factual findings regarding Plaintiff's limitations" and "further evaluat[e] the opinion evidence regarding Plaintiff's visual and manipulative limitations[,]" *see Lozito*, No. 21-CV-05969 (JMW), 2025 WL 473978, at *18, – not necessarily to obtain "additional medical evidence" as Defendant suggests. *See* ECF No. 21 at 5; *see also Long v. Berryhill*, No. 18-CV-1146 (PKC), 2019 WL 1433077, at *3 (E.D.N.Y. Mar. 29, 2019) (internal citations omitted) ("[R]emand is appropriate where inadequacies in the ALJ's analysis frustrate meaningful review, such as when the ALJ makes credibility determinations and draws inferences from the record, yet fails to fully explain the basis for them[.]"); *Warcholak v. Colvin*, No. 1:16-cv-00129(MAT), 2017 U.S. Dist. LEXIS 20806, at *13 (W.D.N.Y. Feb. 14, 2017) (remanding the matter where "the ALJ and the Appeals Council misapplied the relevant legal standards, and failed to properly develop the record by obtaining a function-by-function assessment from a medical expert").

Indeed, the Court in fact did not remand for further development through another administrative hearing and/or additional evidence, but instead remanded for further evaluation of the opinion evidence regarding Plaintiff's visual and manipulative limitations. The Second

3

Circuit found a sixty-day timeframe to be too abbreviated in *Butts* because the ALJ had been ordered to marshal additional evidence and obtain the services of a vocational expert to provide testimony about the jobs claimant could perform. *See* ECF No. 22 at 2; *see also Butts*, 416 F.3d at 106 ("[U]pdated medical and other evidence will be necessary on remand, and [therefore,] the 60–day time limit for proceedings before the ALJ is too short.").

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion to Alter Judgment (ECF No. 21) is **GRANTED** *in part* and **DENIED** *in part.* The Judgment (ECF No. 20) and the Memorandum and Order dated February 12, 2025, *see Lozito,* No. 21-CV-05969 (JMW), 2025 WL 473978, at *19, are hereby amended as follows: The decision by the ALJ is to be entered **within one hundred twenty (120) days** of the entry of this Order on the docket and, if that decision is a denial of benefits, a final decision of the Commissioner be rendered **within sixty (60) days** of Plaintiff's appeal from the ALJ's decision.

Dated: Central Islip, New York
       March 16, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge